CALOGERO, Chief Justice,
concurring in rehearing denial.
The State concedes the unconstitutional feature of RS 51:712(A)(2) in the criminal context, in that it puts the burden on the defendant to prove that he did not know of material misstatements or omissions surrounding the offer or sale of a security. The State wants us to strike that unconstitutional portion and allow the statute to stand. Coupled with their argument is their suggestion that there is some ambiguous language within the opinion concerning whether the statute requires a “willful” intent.
The State indicates that in one place in the opinion “willfulness” is recognized as an essential element and that in another place in the opinion it is not. Whether or not the State is correct about this makes no difference. RS 51:712(A)(2) does not itself include “willfulness,” and whether or not a “willfulness” element is read into the statute does not save it. The statute makes sense in the criminal context only if one includes the mens rea element of knowledge. And this element is only expressed in the portion of RS 51:712(A)(2) that the relator would have us sever. Therefore, by severing the burden-shifting portion of RS 51:712(A)(2), we would be left without proper guidance regarding the mens rea element necessary for commission of guidance regarding the mens rea element necessary for commission of the crime.
I therefore concur in the majority’s denying the rehearing application.